James M. Marshall, Plff. in Err., *v.* Josiah Keller et al., Exrs. of Phebe Marshall, deceased.

A mortgage sought to be enforced by sci. fa. by the executor of the deceased mortgagee contained a proviso "that if default be made in the payment of the interest annually on the aforesaid debt (that is, the balance remaining after the boarding of the party of the second part as per agreement between said parties bearing even date herewith, and to which agreement this mortgage is subject) for thirty days, a sci. fa. may issue to enforce the collection of said interest in arrear." It appeared at

NOTE.—Where material evidence in the control of a party is not produced, an inference arises that its effect would be adverse. Ginder v. Bachman, 8 Pa. Super. Ct. 405, 43 W. N. C. 120; Frick v. Barbour, 64 Pa. 120; Williams v. Com. 37 Phila. Leg. Int. 309. And such inference may be called to the attention of the jury. Hall v. Vanderpool, 156 Pa. 152, 26 Atl. 1069; Steininger v. Hoch, 42 Pa. 432.

the trial that the agreement referred to was last seen in the possession of the deceased mortgagee; the plaintiff, however, failed to produce it or prove its contents, and the defendant, who was disqualified from testifying in his own behalf as to the transaction with the deceased, was not called by the plaintiff. *Held*, that an instruction to the jury was proper which, in effect, stated that the nonproduction of the agreement might be treated as sustaining the defendant's claim that the agreement provided that no interest should be paid on the mortgage, but that such nonproduction did not have the effect of preventing any recovery upon the mortgage.

(Argued May 8, 1888. Decided May 21, 1888.)

January Term, 1888, No. 47, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Somerset County to review a judgment in favor of the plaintiffs in sci. fa. sur mortgage, May Term, 1885, No. 326. Affirmed.

The mortgage was executed by James M. Marshall to his mother, Phebe Marshall, now deceased.

The defendant filed an affidavit of defense, and pleas of payment, payment with leave, with notice of special matter.

At the trial, before BAER, P. J., and a jury, the defendant submitted the following point, *inter alia:*

As the mortgage in suit contains a clause referring to a contemporary written agreement between the parties thereto, and said clause stipulating that the mortgage is subject to said agreement; and the plaintiffs having failed to produce said agreement, or prove the contents thereof on the trial; and as the proof shows that said agreement was delivered to Phebe Marshall and was last seen in her possession a short time before her death,—therefore, there can be no recovery in this case, and the verdict must be for the defendant.

*Ans.* As the mortgage in which the scire facias issued has in it a proviso "that if default be made in the payment of the interest annually on the aforesaid debt (that is, the balance remaining after the boarding of the party of the second part and of Harrison A. Marshall as per agreement between said parties bearing even date herewith, and to which agreement this mortgage is subject), for thirty days, a sci. fa. may issue to enforce collection of said interest in arrear," and notice was given in open court to the plaintiffs to produce the agreement referred to

in said mortgage, as well as notice in like manner given to the defendant, though such notice may not have been necessary before, as it was a document directly involved in the cause of action; and as the defendant, being sworn, denied having it, but alleged that he last saw it in the hands of Phebe Marshall, the mortgagee, who is now dead; and the executors of Phebe Marshall, being sworn, stated that they have it not, and one of them said that he saw an agreement in hands of Phebe Marshall, purporting to be between her and James Marshall, shortly before her death; and John H. Uhl, the holder of the agreement, having testified that he handed the agreement referred to, to Phebe Marshall; and no proofs having been made by plaintiffs, as executors, or any other person claiming under Phebe Marshall, of due search having been made, though the said agreement is traced to have been last seen in her possession; and the defendant, so far as has yet appeared, alone being able to testify to the contents, and he being disqualified, and so no secondary proof of contents seems available, except at the pleasure of the plaintiffs to call the defendant,—we must take the nonproduction of the document so referred to, in the absence of proof to fairly account for its nonproduction, as sustaining the allegations set forth in the defendant's pleas and special matter; and as that alleges an agreement between mortgagor and mortgagee that no interest was to be paid on the mortgage, it may be possible if the agreement were before us it would cover this view of the case, notwithstanding that from the proviso it would seem that, at least during life of Phebe Marshall, the difference between boarding and interest should be paid.

A verdict was directed for the amount of the mortgage unpaid, with interest from the date of the issuance of the sci. fa.

The assignments of error specified, *inter alia,* the answer to the above point.

*Coffroth & Ruppel,* for plaintiff in error.—The mortgage and the agreement are to be treated as one paper, the agreement being dominant, since its conditions and stipulations were to govern and control the terms of the mortgage. The effect given to the agreement on the trial was to restrict it to the payment of interest on the mortgage. But the language of the proviso plainly imports that the debt, as well as the interest, are embraced within the terms of the agreement. It was, therefore, incumbent on

the mortgagee to produce the agreement at the trial, or prove its loss and submit secondary proof of contents, it being a well-established rule that contemporaneous writings, relating to the same matter, are to be construed together. Williams v. Peyton, 4 Wheat. 79, 4 L. ed. 519; Greenleaf v. Birth, 5 Pet. 137, 8 L. ed. 74; Bear v. Whisler, 7 Watts, 144; 2 Parsons, Contr. 503; Jackson ex dem. Herrick v. Babcock, 12 Johns. 389; Hamilton v. Elliott, 5 Serg. & R. 375; Dennis v. Barber, 6 Serg. & R. 426; Westenberger v. Reist, 13 Pa. 594; Cummings v. Antes, 19 Pa. 291.

*W. H. Koontz, H. S. Endsley,* and *Valentine Hay* for defendants in error.

PER CURIAM:

The case of the plaintiff in error is without merit and none of his assignments can be sustained.

The judgment is affirmed.